**LAW OFFICES OF JAMES R. DEVITA, PLLC**
**81 MAIN STREET, SUITE 504**
**WHITE PLAINS, NEW YORK 10601-1719**
**(914) 328-5000**

E-Mail:   jdevita@jamesrdevitalaw.com

December 28, 2020

**BY ECF**
Honorable William H. Pauley, III
United States District Judge for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:  *United States v. Daugerdas (Eleanor Daugerdas)*, 9 Cr. 581 (WHP)

Dear Judge Pauley:

      I am writing to request, with the government's concurrence, a further extension of the discovery deadline in the above referenced ancillary proceeding, to March 31, 2021.  The impediments to conducting discovery caused by the COVID-19 pandemic not only continued since the Court's prior order extending the discovery deadline, but have been increased and exacerbated by the additional restrictions and problems associated with the recent surge in the pandemic since our last application in September.   In addition, recent document production by the government has indicated the need for additional discovery and search for documents essential to the issues in this case.

      As Your Honor may recall, the Court ordered the government to produce certain highly relevant bank records in an Order dated July 26, 2018 (Docket No. 935), after the government agreed to do so at a status conference on July 25, 2018.   Between the two criminal trials against Paul Daugerdas, the government had submitted redacted copies of two individual pages from multi page bank statements for an account in the name of "Jenkens & Gilchrist, an Illinois Professional Corporation" (the "J&G Illinois Account") from which certain disbursements appear to have been made to Mr. Daugerdas.  August 27, 2012 Declaration of Stanley J. Okula, Jr. (Document 558) Exhibit 7.  The government relied on those documents to oppose an application by Mr. Daugerdas for the release of assets restrained by the Court to fund his defense, arguing that they demonstrated that the fees received from Mr. Daugerdas' clients had been segregated from the general receipts of the Jenkens & Gilchrist ("J&G") firm and not commingled.  For the past two years, we have been seeking unredacted and complete copies of

Hon. William H. Pauley, III -2- December 28, 2020

the statements of that J&G Illinois Account, as well as J&G's other bank account statements, in order to substantiate our position that the funds representing fees received from clients of Mr. Daugerdas and deposited to the J&G Illinois Account were subsequently commingled with the other receipts of the overall J & G firm, unrelated to the transactions giving rise to Mr. Daugerdas' criminal conviction, and were used to support the overall operations of the J&G firm. Unfortunately, the government did not produce copies of the relevant bank statements prior to petitioners preparing the amended petition, as the Court had directed in its July 26, 2018 Order. In addition, a subpoena to the Bank of America for those records was unsuccessful because the bank informed us that the records we were seeking no longer exist.  Thus, the documents obtained by the government during its grand jury investigation assumed even greater importance.

On November 30, 2020, the government finally produced documents obtained from J&G during its investigation that appear to have been the source of the individual documents submitted to the Court as exhibits to Mr. Okula's August 27, 2012 declaration.  From the government's production, it appears that the government received, and accepted, from J&G individual pages of certain bank statements that had already been redacted by J&G or its attorneys.  Thus, the government production did not even include the complete monthly statements from which the two pages submitted with Mr. Okula's declaration were taken, much less the complete statements for the full years in question.

What the government's production did reflect, however, was that there were numerous disbursements of significant amounts of money to Mr. Daugerdas from J&G's operating and other accounts, aside from the two disbursements from the J&G Illinois account reflected in the exhibits to Mr. Okula's declaration.  That tends to refute the government's assertion that all the funds received from Mr. Daugerdas' clients were deposited into the J&G Illinois account and remained segregated in that account throughout the year, and were not commingled with the general receipts of J&G.  In fact, it is not clear from the documents produced that all the fees received from Mr. Daugerdas' clients were, in fact, deposited in the first instance into the J&G Illinois account, and not the J&G operating account or some other account of the larger J&G firm.  The documents also reflect the existence of a different J&G Illinois account, apart from the one at Bank of America, at the Chicago branch of Citibank.  This is the first time we became aware of that account.  In addition, the documents provided the names of potential witnesses, previously not known to us, who appear to have relevant information regarding to the activity in the various accounts.  They are former J&G employees in its accounting department in Dallas.

As a result of the information just obtained in that November 30, 2020 production of documents by the government, it has become clear that additional discovery and investigation will be necessary to pursue Eleanor Daugerdas' claim properly.  We have been seeking the identity of the attorneys who produced the redacted J&G Illinois bank statements to the government, as well as information and correspondence with them, to determine whether the government sought to obtain the unredacted bank statements from the outside law firm during the criminal investigation and whether the government told the attorneys to preserve the unredacted bank statements during the criminal investigation and subsequent prosecution.  In the past week or so, after receiving the most recent production, we have begun a dialogue with the government concerning these issues.

Hon. William H. Pauley, III -3- December 28, 2020

      Finally, it had been my intention to retire from the practice of law at the end of December this year.  However, as a result of the pandemic and the suspension of in person proceedings in this District, the sentencings in two cases in which I am assigned to represent defendants under the Criminal Justice Act have been adjourned to February of 2021.  While that requires that me to delay my full retirement at least until then, I have nevertheless been engaged in attempting to wrap up my practice for the last three months.  If the Court grants this request, I will continue to represent Ms. Daugerdas in this matter through the requested period for completion of discovery.

      I therefore respectfully request that the discovery cutoff date set by the Court be extended to March 31, 2021.  I have discussed this application with Assistant United States Attorney Kiersten Fletcher and the government has no objection.

      Respectfully submitted,

      *s/ James R. DeVita*

      James R. DeVita

cc:    Assistant United States Attorney Andrew Adams (by ECF)
       Assistant United States Attorney Kiersten Fletcher (by ECF)