```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- :
 UNITED STATES OF AMERICA,             :
                                       :        09cr581 (DLC)
                                       :
         -against-                     :        OPINION & ORDER
                                       :
 PAUL M. DAUGERDAS, et al.,            :
                                       :
                          Defendants.  :
                                       :
-------------------------------------- :
 ELEANOR DAUGERDAS, et al.,            :
                                       :
                                       :
                          Petitioners. :
-------------------------------------- 
```

APPEARANCES:

For the petitioners:
James R DeVita
Law Office of James R. Devita PLLC
81 Main Street., Suite 504
White Plains, NY 10601

For the United States of America:
Kiersten A. Fletcher
Assistant United States Attorney
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

Petitioners Eleanor Daugerdas, PMD Investments LLC, and WBLG Walworth LLC (together, "Petitioners"), are seeking to obtain $10 million of the $164,737,500 that is subject to a forfeiture order entered in the prosecution of Paul M. Daugerdas.  In this motion, the Petitioners contend sanctions

should be imposed for the Government's failure to procure certain bank records during the prosecution of Daugerdas.  For the following reasons, Petitioners' motion for sanctions is denied.

BACKGROUND

Opinions addressed to the underlying conviction of Daugerdas, as well as the claims in this ancillary proceeding, are incorporated by reference and familiarity with them is assumed.  See United States v. Daugerdas, 837 F.3d 212, 218–21 (2d Cir. 2016) (describing criminal action); United States v. Daugerdas, 2020 WL 364601(WHP), at *1 (S.D.N.Y. Jan. 22, 2020) (describing ancillary proceeding).  Only those facts essential to place this motion for sanctions in context are recited here.

Daugerdas, a tax attorney, was indicted for orchestrating a tax-shelter scheme through his employer, the law firm Jenkins & Gilchrist ("J&G").  Daugerdas was the managing shareholder and head of the tax practice in the Chicago office of J&G ("J&G Illinois").  Daugerdas was found guilty on May 24, 2011, a verdict that was vacated due to juror bias.  On October 31, 2013, Daugerdas was found guilty at trial for a second time.  That conviction was affirmed on September 21, 2016.  Daugerdas, 837 F.3d at 231.

Meanwhile, on June 19, 2014, the Government moved for a preliminary order of forfeiture of various assets in the

2

amount of $180 million.  The Government traced roughly $91 million in compensation payments, derived from the sale of fraudulent tax shelters, from J&G to a bank account at JP Morgan Chase in the name of "PMD Chartered".  From there, Daugerdas made several transfers of approximately $70 million to an account in the name of "Paul M. Daugerdas".  Daugerdas then made several transfers to different accounts held at various financial institutions in his name, his wife's name, and the names of several limited liability companies, including PMD Investments LLC ("PMD Investments").[1]  Daugerdas also used these funds to purchase a single-family home in Williams Bay, Wisconsin (the "Williams Bay Property").[2]

It was the Government's position, adopted by the Honorable William H. Pauley, to whom this case was then assigned, that J&G Illinois would not have paid Daugerdas any fees but for his commission of the crimes for which he was convicted, and that therefore, the roughly $91 million, and the traceable assets, were forfeitable as crime proceeds. United States v. Daugerdas, 2012 WL 5835203, at *3 (S.D.N.Y. Nov. 7,

---

[1] Eleanor Daugerdas owns 100% of the membership interests in PMD Investments.

[2] WBLG Walworth LLC ("WBLG"), a Wisconsin limited liability company, is the sole owner of the Williams Bay Property. Eleanor Daugerdas owns 100% of the member interests in WBLG.

2012).  Judge Pauley entered an Order of Forfeiture on June 26, 2014 in the amount of $164,737,500.  That Order was affirmed.  Daugerdas, 837 F.3d at 231.

On August 29, 2014, Eleanor Daugerdas, Paul Daugerdas's wife, filed a petition to amend the Forfeiture Order to exclude all property in which she has right, title, and interest.  The petition asserts Eleanor's interest in various securities, currency, funds, or other instruments on deposit in various accounts (the "Subject Accounts").  Eleanor argued that the Government failed to sufficiently establish a nexus between the Subject Accounts and the legal fees received by J&G from Daugerdas's tax shelter clients.  In particular, Eleanor Daugerdas argued that the "income from Paul [Daugerdas]'s tax-fraud clients was untraceably commingled with other non-tainted funds of the law firm while still in the [J&G Illinois] accounts."  United States v. Daugerdas, 892 F.3d 545, 550 (2d Cir. 2018)(describing Eleanor Daugerdas's argument).  As such, she argued that the commingling severed the traceable link between the criminal conduct and the Subject Accounts.  Id.

On March 20, 2017, Judge Pauley granted the Government's motion to dismiss the petition.  On June 13, 2018, the Second Circuit vacated that Order.  United States v. Daugerdas, 892 F.3d 545, 558 (2d Cir. 2018).  Although the Second Circuit agreed that Eleanor Daugerdas's current petition

4

must be dismissed for failure to state a claim, the panel held that she was entitled "to try to cure the defect by pleading additional facts about the commingling of funds that she contends occurred." Id. at 552.  The Second Circuit noted that, while Eleanor Daugerdas did not have statutory standing to bring this action, denying her the opportunity to present a viable petition would raise constitutional due process concerns.  Id. at 557-58.  The Court of Appeals noted that the district court had not considered whether any "commingling by [J&G] would, as a matter of law," actually defeat a finding the Daugerdas' law firm income "constituted the proceeds of his crimes."  Id. at 553 n.6.[3]

At a hearing on July 25, 2018, Judge Pauley ordered the Government to produce certain J&G Illinois bank records. Eleanor Daugerdas asserted that those J&G Illinois records would show whether there was commingling of funds relevant to the Petition.  Judge Pauley also instructed Eleanor Daugerdas to file an amended petition, which she did on December 6, 2018. The amended petition, this time brought by Eleanor Daugerdas, PMD Investments, and WBLG, asserted that fees from Daugerdas' tax shelter clients were commingled with untainted client fees

---

[3] It appears that the amount of money directly traceable to Daugerdas's criminal activity exceeds the amount of funds currently restrained by the Government.

5

in J&G bank accounts.[4]  The Government's motion to dismiss this petition was denied on January 22, 2020.  Daugerdas, 2020 WL 364601, at *1.

To follow Judge Pauley's July 25, 2018 Order, the Government, which had never requested by subpoena or otherwise the J&G Illinois bank records during its underlying criminal investigation of Daugerdas, undertook a search of its files to determine whether it possessed the records.  Due to various technical, COVID-19-related, and institutional delays, the Government did not produce any J&G Illinois bank records until November 30, 2020.

The production included 400 pages of redacted J&G bank records that the Government had received in 2007 from J&G's then-counsel Davis Polk & Wardwell LLP ("DPW").[5]  The Government had received the J&G bank records in 2007 as part of a separate Grand Jury investigation into the accounting firm Ernst & Young.  That DPW production included two pages of J&G Illinois bank records that the Government submitted to the court in 2012 in support of its opposition to Daugerdas's motion to vacate a

---

[4] In the Amended Petition, Eleanor Daugerdas also asserted an interest in the Williams Bay Property.

[5] From the Index of Production provided by J&G in making the 2007 production, it appears that J&G was responding to a request to disclose its payments to Daugerdas and not to a request for the J&G Illinois bank records specifically.  The Index lists checks and wire transfers from J&G to Daugerdas.

Post-Indictment Restraining Order after his first trial was vacated.  The Government has produced to the Petitioners the entirety of the 2007 DPW production.

The 2007 DPW production shows that more than $80 million of the $91 million initially traced from J&G to an account maintained by Paul Daugerdas at J.P. Morgan Chase & Co. was received from the J&G Illinois Account that was created to receive payments made by Daugerdas's tax shelter clients.  To date, no party has been able to obtain the unredacted J&G bank records.

On April 30, 2021, Petitioners filed this motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) and (C), for the Government's violation of its duty to "to preserve as evidence" the unredacted J&G Illinois bank records.  The motion became fully submitted on May 28, 2021.

Oral argument was held before Judge Pauley on June 22. On July 16, this case was transferred to this Court following the untimely death of Judge Pauley.

## DISCUSSION

The Petitioners request that sanctions be imposed against the Government on the ground of spoliation.  A party seeking discovery sanctions on the basis of spoliation must show by a preponderance of the evidence:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

Klipsch Grp., Inc. v. ePRO E-Com. Ltd., 880 F.3d 620, 628 (2d Cir. 2018) (citation omitted).  This motion for sanctions may be swiftly denied.

There is no basis to find that the Government ever destroyed or withheld from Petitioners any J&G Illinois bank records in its possession.  Through a time-consuming and cumbersome search, it located J&G Illinois bank records it had obtained from DPW during a Grand Jury investigation of E&Y, not of Daugerdas, and has provided those to Petitioners.  To the extent Petitioners complain that those records are redacted, the redactions were not performed by the Government.  The Government has produced what it received.

Nor have the Petitioners shown that the J&G Illinois bank records are of much assistance to their petition.  Their petition asserts that the tainted tax shelter legal fees that J&G received from Daugerdas's tax shelter clients were commingled with legal fees generated from other J&G clients.  As shown in the recently-produced documents, $80 million of the $91 million at issue came from the tax shelter clients, and much of the rest consisted of biweekly salary payments from J&G to

8

Daugerdas. Nor does the amount currently restrained by the Government exceed the amount that is directly traceable to tainted funds.

Therefore, this motion rests on the Petitioners' novel claim that the Government had a duty during its prosecution of Daugerdas to obtain the unredacted J&G Illinois bank records and should be sanctioned for failing to do so. They argue that the existence of the criminal investigation of Daugerdas and the Government's possession of subpoena power gave the Government constructive control over the J&G Illinois bank records.

The Grand Jury's possession of subpoena power does not mean that every conceivable document subject to subpoena is deemed in the Government's possession or under its control. There is no caselaw extending the concept of control to materials the Government may have the power to subpoena in the course of a criminal investigation. Nor does the Government have any duty to use all of the many tools available to it in a criminal prosecution to develop evidence. It is a well-established principle of law that the Government's obligation in a criminal case is to prove guilt beyond a reasonable doubt; it has no duty to use any particular means of gathering such

evidence.[6]  United States v. Saldarriaga, 204 F.3d 50, 53 (2d Cir. 2000)(per curiam).

Finally, Petitioners seek discovery to establish the Government's bad faith in violating its duty "to preserve evidence."  As Petitioners have not shown that the Government failed to preserve any relevant evidence, there is no purpose to be served by allowing discovery into the state of mind of any Government attorney.

## CONCLUSION

Petitioners' April 30 motion for sanctions is denied.

Dated:   New York, New York
         September 28, 2021

                                                                                _____
                                                                                DENISE COTE
                                      United States District Judge

---

[6] In reply, the Petitioners argue for the first time that the Government had control of the J&G bank records because of its 2007 non-prosecution agreement with J&G.  Arguments made for the first time in reply can and should be disregarded. Thomas v. Bed Bath & Beyond Inc., 961 F.3d 598, 609 n.6 (2d Cir. 2020). In any event, J&G's agreement to cooperate with the Government, and to preserve relevant records as part of that cooperation is not evidence that the Government ever received possession of the unredacted J&G Illinois bank records.